Jennifer Ann Gray
4874 East 13th Street
Tucson Arizona 85711
(520) 305-6368
Piha520@outlook.com
PLAINTIFF, Pro Se

FILED _____ LODGED
RECEIVED _____ COPY

FEB 9 2021

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF ARIZONA

JENNIFER GRAY,

          *Plaintiff,*

vs.

**PIMA COUNTY;**
**JOHN DOE**, an employee of Pima County;
**STATE OF ARIZONA;**
**JOHN DOE**, an employee of the State of Arizona;
**TONI HELLON**, Clerk of the Superior Court in Pima County;
**TERESA GODOY**, Pima County Superior Court Judge;
**ARIZONA COURT OF APPEALS, II;**
**JOHN DOE**, an employee of the Arizona Court of Appeals, Division II;
**SUPREME COURT OF ARIZONA;**
**JOHN DOE**, an employee of the Supreme Court of Arizona;
**KEVIN KREJCI**, Prosecutor Pima County Attorney's Office;
**TUCSON POLICE DEPARTMENT;**
**JOHN DOE**, an employee of the Tucson Police Department;
**PIMA COUNTY ATTORNEY'S OFFICE.**
PIMA COUNTY SHERIFF

NO.

**COMPLAINT**

1. Fed Quest: Violation of Due Process
2. Fed Quest: Violation of Constitutional Rights

PLAINTIFF, JENNIFER ANN GRAY, on behalf of herself and her complaint alleges the following:

# I. GENERAL ALLEGATIONS

### a. Violation of Amendment IV

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

### b. Violation of Amendment V

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

### c. Violation of Amendment VI

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

# II. PARTIES

### 1. Plaintiff

a. At all times relevant to this complaint, PLAINTIFF JENNIFER ANN

GRAY also known as JENNIFER ANN LERMA, (hereinafter "PLAINTIFF") was/is a resident of the State of Arizona and a citizen of the United States by birth.

b. PLAINTIFF brings this action in her capacity as a single woman AND/OR as a married woman for community interests. PLAINTIFF was married to JUAN MAURICIO LERMA, (hereinafter "LERMA") a green card holder. PLAINTIFF incurred damages as a single woman and as married woman.

2. Defendant

a. At all times relevant to this complaint, DEFENDANT PIMA COUNTY, (hereinafter "PIMA COUNTY") is a governmental agency doing business in the State of Arizona.

b. At all times relevant to this complaint, DEFENDANT JOHN DOE, was an employee of PIMA COUNTY.

c. At all times relevant to this complaint, DEFENDANT THE STATE OF ARIZONA, was a governmental agency doing business in Arizona.

d. At all times relevant to this complaint, DEFENDANT TONI HELLON, was the Clerk of the Superior Court in Pima County.

e. At all times relevant to this complaint, DEFENDANT TERESA GODOY, was a judge in Pima County Superior Court.

f. At all times relevant to this complaint, DEFENDANT ARIZONA

COURT OF APPEALS, DIV II was a governmental agency doing business in Arizona.

g. At all times relevant to this complaint, DEFENDANT JOHN DOE, was an employee of the STATE OF ARIZONA.

h. At all times relevant to this complaint, DEFENDANT JOHN DOE, was an employee of ARIZONA COURT OF APPEALS DIVISION II.

i. At all times relevant to this complaint, DEFENDANT ARIZONA SUPREME COURT was a governmental agency doing business in Arizona.

j. At all times relevant to this complaint, DEFENDANT JOHN DOE, was an employee of THE SUPREME COURT OF THE STATE OF ARIZONA.

k. At all times relevant to this complaint, DEFENDANT KEVIN KREJCI was an employee of the PIMA COUNTY ATTORNEY'S OFFICE.

l. At all times relevant to this complaint, DEFENDANT TUCSON POLICE DEPARMENT was a governmental agency doing business in the State of Arizona.

m. At all times relevant to this complaint, DEFENDANT JOHN DOE was an employee of the TUCSON POLICE DEPARTMENT.

n. At all times relevant to this complaint, DEFENDANT PIMA

4

COUNTY ATTORNEY'S OFFICE was a governmental agency doing business in the State of Arizona.

III. JURISDICTION

Under Article III of the Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." US Const, Art III, Sec 2. The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal ingredient. Osborn v. Bank of the United States, 9 Wheat. (22 U.S.) 738 (1824).

IV. FACTS AND ALLEGATIONS

1. On December 14, 2016, DEFENDANT JOHN DOE of the Tucson Police Department removed property from PLAINTIFF's residence without probable cause.

2. On May 10, 2018, PLAINTIFF filed a *Motion for Reconsideration for Return of Property,* attached as **Exhibit A**, in Pima County Superior Court, CR-20165683 for the return of property.

3. On May 29, 2018, DEFENDANT GODOY issues an Order, attached as **Exhibit B**, denied PLAINTIFF's Motion by asserting that PLAINITFF had no standing.

4. On June 25, 2018, PLAINTIFF filed a *Notice of Appeal*, attached as **Exhibit C**, regarding the May 29, 2018 *Order*.

5. On July 3, 2018, DEFENDANT HELLON, denied PLAINTIFF's *Notice of Appeal*, attached as **Exhibit D**.

6. DEFEDANT KREJCI gave PLAINTIFF no *Notice of Forfeiture* regarding the

property in question.

7. DEFENDANT TUCSON POLICE and PIMA COUNTY failed to safeguard the property of PLAINTIFF. *PIMA COUNTY SHERIFF ILLEGALLY MONITORING + RECORDING ME*

V.    CAUSES OF ACTION

    a. DEFENDANTS deprived PLAINTIFF'S right to property by depriving PLAINTIFF any means to be heard. DEFENDANTS deprived PLAINITFF property rights by illegally removing property from her residence.

    b. PLAINTIFF is entitled to protections under the bill of rights to be free from unreasonable searches and seizures. The 14th Amendment limits the power of the government to interfere with people's affairs, property ownership, and unreasonable control by the government.

    c. PLAINTIFF realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set in forth in full.

    d. DEFENDANTS acts violated federal and state constitutional rights of PLAINTIFF which resulted in emotional distress, loss of consortium, unlawful imprisonment, abuse of process, deprivation of rights, negligence, violation of substantive and procedural due process,

VI.    DUTY

    1. DEFENDANTs have a duty to PLAINTIFF not to violate the Constitutional rights of PLAINTIFF.

VII.    IMMUNITY

6

a. Qualified Immunity does not apply to Defendant. Defendants violated constitutional rights that were established at the time they were violated and it was clear the conduct was unlawful.

VIII. JUDICIAL NOTICE

a. PLAINTIFF requests this court to take Judicial Notice of CR-20165683, C-201701113, C20182682 in Pima County Superior Court.

IX. CASE LAW

a. Hagar v. Reclamation Dist., 111 U.S. 701, 708 (1884). "Due process of law is [process which], following the forms of law, is appropriate to the case and just to the parties affected. It must be pursued in the ordinary mode prescribed by law; it must be adapted to the end to be attained; and whenever necessary to the protection of the parties, it must give them an opportunity to be heard respecting the justice of the judgment sought. Any legal proceeding enforced by public authority, whether sanctioned by age or custom or newly devised in the discretion of the legislative power, which regards and preserves these principles of liberty and justice, must be held to be due process of law." Id. at 708; *Accord*, Hurtado v. California, 110 U.S. 516, 537 (1884).

b. Carey v. Piphus, 435 U.S. 247, 259 (1978). "[P]rocedural due process rules are shaped by the risk of error inherent in the truth-finding process as applied to the generality of cases." Mathews v.

Eldridge, 424 U.S. 319, 344 (1976).

    c. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). "Parties whose rights are to be affected are entitled to be heard." Baldwin v. Hale, 68 U.S. (1 Wall.) 223, 233 (1863)

    d. Withrow v. Larkin, 421 U.S. 35 (1975). Where an administrative officer is acting in a prosecutorial, rather than judicial or quasi-judicial role, an even lesser standard of impartiality applies. Marshall v. Jerrico, 446 U.S. 238, 248–50 (1980)

## X. DAMAGES AND PRAYER FOR RELIEF

1. For compensatory, punitive, and exemplary damages in amount to fully and fairly compensate for damages.

2. For legal costs.

3. For such other relief as the Court deems just and proper.

## XI. PRO SE LITIGANT

1. PLAINTIFF is representing herself and without counsel due to the deprivation of funds by DEFENDANTS. GRAY reserves the right to include or exclude any information, statement, caselaw, statute, code, action, etc. that a competent attorney most likely would have included in this complaint.

2. PLAINTIFF also reserves the right to amend and supplement this complaint. "A court must liberally construe the filing of a pro se litigant and afford the plaintiff the benefit of any reasonable doubt. Hebbs v. Pliler, 617 F 3d. 338, 342, (9th Circuit. 2010). "Unless it is absolutely clear tht no amendment can

sure a defect.... A pro se litigant is entilied to noticeof the complaint's

defieciencies and an opportunity to amend prior to the dismissal of the

action". Garrity v. APWU National Labor Org. 828 F 3d 848, 854 (9th Circuit

2016).

Under Federal Rules of Civil Procedure,   by signing below, I certify to the best of my

knowledge, information, and belief that this complaint (1) is not being presented for an

improper purpose, such as to harass, cause unnecessary delay, or needsley increase the cost

of litigation; (2) is supported by existing law or by a non-frivolous argument for extending,

modifying, or reversing existing law, (3) the factual contentions have evidentiary support

or if specifically so identified with likely to have evidentiary support after a reasonable

opportunity to further investigation and discovery; and (4) the complaint otherwise

complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any change to my address where case related

papers may be served.  I understand that my failure to keep a ccurrent address on file with

the Clerk's Office may result in the dismissal of my case.

SUBMITTED this 9th day of FEBRUARY 2021.

JENNIFER ANN GRAY Plaintiff
Self-Representation